■ BLUE DANUBE PROPERTY LLC, Respondent, v MAD52 LLC, Appellant/Third-Party Plaintiff-Appellant. BROWN, HARRIS, STEVENS ON SITE MARKETING AND SALES LLC, Third-Party Defendant-Respondent, et al., Third-Party Defendant. [968 NYS2d 445]—

Order, Supreme Court, New York County (Paul Wooten, J.), entered December 19, 2012, which, to the extent appealed from, granted plaintiff's motion for summary judgment cancelling a mortgage, granted third-party defendant Brown, Harris, Stevens on Site Marketing and Sales LLC's (BHS) motion to dismiss the third-party complaint as against it, and denied defendant/third-party plaintiff Mad52 LLC's cross motion for summary judgment dismissing BHS's affirmative defense and on its claim against BHS, unanimously modified, on the law, to deny BHS's motion, and otherwise affirmed, without costs.

Third-party defendant Levine conceded that she notarized the signature of plaintiff's principal, Ralf Preyer, on the collateral mortgage in his absence and with no indication from him that the signature was his. Thus, the mortgage was not a duly acknowledged instrument, and, contrary to Mad52's contention, plaintiff was required to prove forgery only by a preponderance of the evidence, not by clear and convincing evidence (*see Bryant v Bryant*, 58 AD3d 496 [1st Dept 2009], *affg* 18 Misc 3d 1105[A], 2007 NY Slip Op 52413[U], *3 [Sur Ct, Bronx County 2007], citing *Albany County Sav. Bank v McCarty*, 149 NY 71 [1896]). In any event, plaintiff's documentary evidence, which includes Preyer's passport and records from the Department of Homeland Security and U.S. Customs, established conclusively that Preyer was not in the United States when the collateral mortgage was signed. In opposition, Mad52 offered nothing more than speculation.

As to Mad52's claim against BHS for Levine's notarial misconduct, on a theory of respondeat superior, Levine was employed by BHS and seconded to a client of BHS. While she did not perform notarization in her work for BHS, the client encouraged her to become a notary and paid for her notary classes. Moreover, BHS knew that she had become a notary, and

on one occasion one of its executives had advised Levine, at her request, about whether to notarize a particular document. Thus, summary judgment on this claim is precluded by issues of fact such as the foreseeability of an executive assistant to the sponsor of a condominium project being called upon to notarize documents and the scope of BHS's supervisory control as to Levine's notarizations (*see Riviello v Waldron*, 47 NY2d 297, 303 [1979]). Concur—Tom, J.P., Acosta, Saxe and Freedman, JJ.